**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**SHARON KEMP,**

                                **Plaintiff,**

v.                                                                             **20-CV-3S(Sr)**

**TARGET CORPORATION,**

                                **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #5.

Plaintiff commenced this action in New York State Supreme Court, County of Erie, by filing a Summons and Complaint alleging that defendant permitted a dangerous condition to exist on its premises which caused plaintiff to suffer personal injury on October 23, 2017. Dkt. #1. The matter was removed to this Court in accordance with 28 U.S.C. § 1446(a), based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Dkt. #1.

Plaintiff alleges that she tripped and fell on a curb in front of the entrance of the Target store on Transit Road because the height of the curb was too high, either because it was improperly constructed or because the parking lot was being resurfaced and the absence of new asphalt created an unsafe distance between the parking lot

and the sidewalk. Dkt. #15-1, p.2. Target is the owner of the premises, including the parking lot, where plaintiff's injury occurred. Dkt. #15-5, No.7.

Currently before the Court is plaintiff's motion to compel defendant to respond to Interrogatory Nos. 7, 8. 9, 10, 11, 12, 13, 14 and 17 and provide a copy of an incident report for an injury that occurred on July 29, 2017. Dkt. #15. Plaintiff also moves for sanctions and an extension of the Case Management Order. Dkt. #15.

Plaintiff's interrogatories seek information relating to the construction, paving, striping and maintenance of the curb/sidewalk. Dkt. #15-50. Defendant responded to each of these interrogatories as follows:

> Target objects to this demand on the grounds it is overly broad, unduly burdensome, not reasonably limited in time and/or scope, not limited to the curb at issue in this lawsuit, and otherwise seeks irrelevant information unlikely to lead to evidence admissible at the time of trial. Notwithstanding and without waiving these objections, Target is making a diligent attempt to locate this information and will supplement this response as soon as possible.

Dkt. #-15-5. Plaintiff also seeks documents related to any construction, maintenance or repair of the parking lot and curb/sidewalk area. Dkt. #15-6. Although it did produce some documents, Target generally objected to the document demands as overly broad, unduly burdensome, not reasonably limited in scope, not limited to the curb at issue in this lawsuit and seeking irrelevant information and/or information unlikely to lead to evidence admissible at the time of trial. Dkt. #15-6.

By letter dated January 28, 2021, plaintiff advised Target that plaintiff's expert witness had compared the photographs of the location of the incident and the photographs produced by defendant as part of its initial disclosures and opined that the parking lot was under construction at the time of plaintiff's injury. Dkt. #15-9. Plaintiff noted that it appeared that the photographs disclosed by Target depicted brand new blacktop. Dkt. #15-9.  As a result, plaintiff specifically requested information on any work being performed on the parking lot/sidewalk area at the time of plaintiff's injury, including information as to when the parking area was paved. Dkt. #15-9.

By letter dated February 5, 2021, defendant declined to produce the incident report identified by plaintiff because that incident occurred in the parking lot, while plaintiff's incident occurred on the curb. Defendant explained that plaintiff's "testimony was very clear that she tripped on the curb as she stepped up" and "caught her foot on the top of the curb." Dkt. #15-10. Based upon that testimony, defendant believed that "this is not a parking lot case" and plaintiff's "requests for accident reports or other documents related to the parking lot are not relevant." Dkt. #15-10. Given that plaintiff testified that she "fell on the curb," defendant questioned "the basis for your requests for pre-and-post parking lot construction, replacement, and striping records." Dkt. #15-10.

By letter dated February 9, 2021, plaintiff clarified that one of plaintiff's claims of negligence

> is that the curb where the Plaintiff tripped and fell was too
> high and higher than what is customary for a curb height for

-3-

> pedestrian traffic. The height of the curb is a dangerous condition. The Plaintiff claims that the curb was too high from the pavement/driveway from where she was walking and due to the height of the curb she was caused to trip and fall and sustain injuries. You are correct in stating that my client testified that she caught her foot on the top of the curb and there was nothing on the ground that caused her to fall. It is the height of the curb that is one of the primary claims of negligence against your client.

Dkt. #15-11. Furthermore, plaintiff reiterated that plaintiff's expert witness

> has stated quite clearly that the area where the Plaintiff fell was still in the middle of construction and the driveway/pavement had not yet been completed. The reason this is relevant and important to this case is that because the driveway/pavement construction had not yet been completed by your client, that is what caused the differential in the curb. If the driveway/pavement had been completed, the curb would have been shorter in height which would have avoided the Plaintiff's accident. Conversely, because the driveway/pavement area had not yet been completed and there was no blacktop on the ground at the time of the Plaintiff's fall, the curb height was too high for the Plaintiff, or any other pedestrian walking into the store, and that was the proximate cause of the Plaintiff's fall when she tripped on the top of the curb.

Dkt. #15-11. As a result, plaintiff advised defendant that

> Contrary to your assertion in your letter of February 5, this is a parking lot case as well as a sidewalk/curb case. . . . Therefore, the Plaintiff's requests for accident reports or other documents related to the parking lot are certainly relevant . . .Therefore, the basis for the Plaintiff's requests for pre-and-post parking lot construction, replacement, and striping records are all relevant to the Plaintiff's claims of negligence as the height of the curb is completely determined by when the parking lot was paved.

Dkt. #15-11.

By letter dated February 12, 2021, defendant responded that it was not in a position to respond to plaintiff's demands relating to the repaving of the parking lot, but did produce a drawing of the curb from 1995 when it was installed. Dkt. #15-12.

Plaintiff argues that the information sought goes to the direct claims of negligence against the defendant and that plaintiff has made clear to defendant that this case is "not just a curb case," but requires inquiry as to the reason the curb was so high and whether the parking lot was marked for pedestrian traffic at the time of plaintiff's injury. Dkt. #15-1, pp.9-10. As defendant is the owner of the premises, including the parking lot, plaintiff argues that information regarding construction and reconstruction of the parking lot should be in defendant's possession. Dkt. #15-1, p.11.

Defense counsel declares that much of the information sought is irrelevant and "has absolutely no nexus to the Plaintiff's own claims that the curb was too high nor to her explanation about how, where, and why she fell." Dkt. #17, ¶ 4. Defense counsel declares that plaintiff testified at her deposition "that she tripped and fell on the curb after parking in an isolated portion of the parking lot located between Target and the neighboring Wegmans store." Dkt. #17, ¶ 14. Defense counsel reiterates that plaintiff "did not park in the parking lot proper (i.e., that portion of the parking lot where the majority of Target's customers park located directly in front of the store)." Dkt. #17, ¶ 37. Defendant argues that "much of the information Plaintiff now seeks has absolutely no connection to her own description of the fall nor to the condition alleged to have caused the fall and is therefore beyond the scope of

discovery." Dkt. #17, ¶ 21.Defendant argues that plaintiff's "allegation is that this trip and fall occurred because the curb is too high - not because of any defect in the extensive parking lot surface that surrounds the entire building" and that [e]ither the curb is too high or it is not; the entire surrounding parking lot surface, particularly those parts of the parking lot not in the immediate vicinity of the fall, have absolutely no connection to the area where Plaintiff fell nor the alleged cause of her fall, i.e., the curb height." Dkt. #17, ¶¶ 39-40.  Target represents that "there was no curb work done since the store's construction." Dkt. #17, ¶ 25.

Plaintiff replies that plaintiff's testimony regarding the location of her fall was clear: she parked in a designated Target parking lot and parking space, walked up the aisle, walked across the driveway and fell as she stepped on to the curb. Dkt. #18, ¶ 12. Plaintiff further replies that the photographs produced by Target during discovery clearly show that the pavement in the area of plaintiff's fall had been finished with a topcoat that was absent in the photographs taken by plaintiff within a few days of her injury. Dkt. #18, ¶ 14. Plaintiff argues that documents related to the parking lot project are relevant because the excessive height of the curb was caused by the fact that the parking lot pavement had not yet been completed. Dkt. #18, ¶ 14.

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit. Information within the scope of discovery need not
> be admissible in evidence to be discoverable.

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000).

Contrary to defense counsel's representation to the Court, plaintiff testified at her deposition that she parked in the "Target parking lot" and

> I exited my car and I went up the aisle I was parked in. And I
> walked up to the Target. And I stepped up. And then I
> tripped on the curb.

Dkt. #17-2, pp.39 & 50-51. Plaintiff reviewed a photograph of the sidewalk in front of Target and testified that she came up an aisle and fell at the curb on the other side of the red Target ball from the girl in the photograph, which would be to the left of the red Target ball if you were standing in the parking lot facing the Target store. Dkt. #17-2, pp.58-59. A white cross walk is visible in the photograph; plaintiff testified that she did not use the cross walk because she "went up the aisle I parked in and went straight across." Dkt. #17-2, p.59. A photograph taken at the site of plaintiff's fall shows Target shopping carts lined up against the front of the Target store. Dkt. #18-3. Moreover, plaintiff specifically informed defendant that she was seeking information pertaining to construction of the parking lot because her expert witness opined that it appeared that the curb was too high because the parking lot was being repaired and awaiting a topcoat of asphalt. Thus, information as to construction, repair or resurfacing of parking

lot area adjacent to the curb during the time frame immediately preceding and following plaintiff's injury is clearly relevant to plaintiff's negligence cause of action. Therefore, plaintiff's motion to compel is granted.

      Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (I)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)    other circumstances make an award of expenses unjust.

Defense counsel's misrepresentation to the Court of plaintiff's testimony and obfuscation of information pertaining to the condition alleged to have caused plaintiff's injury is unacceptable and warrants payment of reasonable expenses, including attorney's fees, related to the filing of this motion. If the parties are unable to agree to the amount of reasonable expenses, plaintiff's counsel shall submit an affirmation setting forth such expenses no later than **January 7, 2020.**

Fact discovery shall be completed by **February 4, 2022.**

Plaintiff's expert disclosure shall be served by **March 4, 2022.**

Defendant's expert disclosure shall be served by **April 1, 2022.**

Expert depositions shall be completed by **May 20, 2022.**

Dispositive motions shall be filed by **June 24, 2022**.

Mediation may continue through **July 15, 2022.**

**SO ORDERED.**

DATED:   **Buffalo, New York**
         **November 29, 2021**

           **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**